**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| GREGGORY HARDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:13-cv-00716-TWP-DKL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Greggory E. Harden ("Mr. Harden"), requests judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. For the reasons set forth below, the Court **AFFIRMS** the decision of the Commissioner.

### I.   BACKGROUND

**A.   Procedural History**

On February 3, 2010, Mr. Harden filed applications for DIB and SSI, alleging a disability onset date of February 3, 2009. These applications were initially denied on May 10, 2010, and upon reconsideration on July 29, 2010. Thereafter, Mr. Harden filed a request for a hearing, which was held on June 14, 2011, before Administrative Law Judge Ronald T. Jordan ("the ALJ"). A supplemental hearing was held on October 13, 2011. Mr. Harden was represented by counsel at both hearings. On November 14, 2011, the ALJ denied Mr. Harden's applications. On February 5, 2013, the Appeals Council denied Mr. Harden's request for review of the ALJ's

decision, thus making it the final decision of Commissioner for purposes of judicial review. Mr. Harden filed this civil action, pursuant to 42 U.S.C. § 405(g) and 1383(c), for review of the ALJ's decision.

**B.     Factual Background**

Mr. Harden was 43 years old at the time of his alleged onset of disability. He attended some college but did not graduate. The ALJ found that Mr. Harden has the following severe impairments: depressive disorder; bipolar disorder; anxiety disorder; panic disorder; and alcohol dependence. Mr. Harden does not challenge the ALJ's decision on his impairments and residual functioning capacity ("RFC"), therefore detailed summary of his medical history is unnecessary. Mr. Harden challenges the ALJ's finding that he was not disabled because he could perform his past relevant work as a garbage collector and sorter. Additionally, the parties agree that Mr. Harden's work earnings for the garbage collector and sorter jobs did not meet the levels for substantial gainful activity.

**C.     The ALJ's decision**

The ALJ found that Mr. Harden met the insured status requirements of the Act through March 31, 2009. At step one, the ALJ found that Mr. Harden has not engaged in substantial gainful activity since February 3, 2009. At step two, the ALJ found that Mr. Harden has the following severe impairments: depressive disorder; bipolar disorder; anxiety disorder; panic disorder; and alcohol dependence. At step three, the ALJ found that Mr. Harden does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ determined that Mr. Harden has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to performing simple, repetitive tasks

requiring minimal independent judgment or analysis. The ALJ found that daily work goals should be fairly static and predictable, Mr. Harden should not be required to have contact with the general public to perform his job functions, he should only have occasional, superficial contact with co-workers, and he can work stretches of two-hours with ten to fifteen minute breaks within each stretch of work. At step four, the ALJ concluded that Mr. Harden is capable of performing past relevant work as a Garbage Collector and Sorter. He found that this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. Because of the ALJ's finding at step four, he did not proceed to step five.

Finally, the ALJ concluded that Mr. Harden has not been under a disability from February 3, 2009, through the date of this decision.

## II. DISABILITY STANDARD OF REVIEW

Under the Act, a claimant is entitled to DIB or SSI if he establishes he has a disability. Disability means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1); 423(d)(1)(A); 1382c(a)(3)(A). The Social Security Administration ("SSA") has implemented these statutory standards in part by prescribing a "five-step sequential evaluation process" for determining disability. 20 C.F.R. §§ 404.1520 and 416.924. If disability status can be determined at any step in the sequence, an application will not be reviewed further. *Id.*

At the first step, if the claimant is currently engaged in substantial gainful activity, then he is not disabled. At the second step, if the claimant's impairments are not severe, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § § 404.1520(c) and 416.924(c). Third, if the

claimant's impairments, either singly or in combination, meet or equal the criteria for any of the conditions included in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listing of Impairments"), then the claimant is deemed disabled. The Listing of Impairments are medical conditions defined by criteria that the SSA has pre-determined are disabling. 20 C.F.R. § 404.1525. If the claimant's impairments do not satisfy a Listing, then his RFC will be determined for the purposes of the next two steps. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. §§ 404.1545 and 416.945. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. Fifth, considering the claimant's age, work experience, and education (which are not considered at step four), and his RFC, he will not be determined to be disabled if he can perform any other work in the relevant economy.

A person will be determined to be disabled only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). The combined effect of all of a claimant's impairments shall be considered throughout the disability determination process. 42 USC §§ 423(d)(2)(B) and 1382a(a)(3) (G). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner at the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

The Act, specifically 42 U.S.C. § 405(g), provides for judicial review of the Commissioner's denial of benefits. When the Appeals Council denies review of the ALJ's findings, the ALJ's findings become the findings of the Commissioner. *See Hendersen v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999). This Court will sustain the ALJ's findings if they are

supported by substantial evidence. 42 U.S.C. § 405(g); *Nelson v. Apfel*, 131 F.3d 1228, 1234 (7th Cir. 1999). In reviewing the ALJ's findings, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ. *Id.* Although a scintilla of evidence is insufficient to support the ALJ's findings, the only evidence required is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Further, "[a]n ALJ may not discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the [Court] to trace the path of his reasoning." *Diaz*, 55 F.3d at 307. An ALJ's articulation of his analysis "aids [the Court] in [its] review of whether the ALJ's decision was supported by substantial evidence." *Scott v. Heckler*, 768 F.2d 172, 179 (7th Cir. 1985).

The ALJ's findings of fact, if supported by substantial evidence, are conclusive; however, "[i]n coming to his decision . . . the ALJ must confront evidence that does not support his conclusion and explain why it was rejected." *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003). The ALJ's decision must also demonstrate the path of reasoning, and the evidence must lead logically to his conclusion. *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996). While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning through an adequate discussion, otherwise it will be remanded. *See Briscoe ex*

*rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 888–89 (7th Cir. 2001).

### III. DISCUSSION

Mr. Harden argues that the ALJ erred in finding that he can perform past relevant work as a garbage collector and sorter. He argues, and the Commissioner concedes, that his work earnings from these jobs were not performed at substantial gainful activity levels, precluding them from being past relevant work. The Commissioner acknowledges that the ALJ erred in this decision, but maintains that remand is unnecessary because the ALJ's step four finding was harmless error. The Commissioner relies on vocational expert Constance Brown's ("the VE") testimony that there were thousands of other jobs in the national economy that Mr. Harden could perform so that remand for step five would be unnecessary; a remand would result in the same non-disability finding and the non-disability finding should be upheld.

Administrative decisions under judicial review can be examined under the harmless error doctrine, *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010), particularly in cases involving social security disability where small "technical errors" would not weaken the outcome of the case and where the ALJ's error would not change the evidence. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (citations omitted). The Seventh Circuit has upheld an erroneous ALJ decision where the errors did not "ultimately impact[] the outcome." *Shramek v. Apfel*, 226 F.3d 809, 813-15 (7th Cir. 2000) (stating that while the ALJ erred, such as by rejecting claimant's treating physician's testimony over the medical examiner's, the ALJ's hypothetical to the VE was identical to that of claimant's treating physician and the VE found other jobs in the national economy, therefore supporting the ALJ's decision to deny benefits).

"[W]e will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result." *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) (citing *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)). Because remand would be a "waste of time and resources" it is better to prospectively "look at the evidence in the record to see if [the court] can predict with great confidence what the result on remand will be." *Id.*; *see also Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013) (declining remand since the result would be the same); *Spiva*, 628 F.3d at 353 (rejecting the government's harmless error contention that the ALJ's decision on remand *might* come to the same conclusion because the ALJ could "have reached a different conclusion" on remand). The Court is, however, cautious in using the harmless error standard to prevent supplanting review on appeal with the ALJ's review. *McKinzey*, 641 F.3d at 892. *See also Allen*, 357 F.3d at 1145 ("[T]o the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action" established by the Supreme Court). Still, the harmless error doctrine can be used if a "reasonable" ALJ following proper examination could not have ruled differently. *Id.*

In this case, the ALJ at step four relied on the VE, who identified Mr. Harden's past relevant work as an Extruder, Garbage Collector, and Sorter. (Filing No. 13-2, at ECF p. 40). At the hearing, the VE stated that work as a Garbage Collector and Sorter do not require the performance of work-related activities precluded by Mr. Harden's RFC. After the ALJ asked the VE whether there are other jobs in the economy, the VE stated, "There would be [about 17,000 in Indiana and 371,000 nationwide] housekeeping cleaners at the light, unskilled level"; and 10,400 in Indiana and 277,000 nationwide "kitchen help or dishwashers" jobs. (Filing No. 13-2, at ECF p. 98).

In his decision, the ALJ found that Mr. Harden can perform the physical and mental demands of his past work "as actually and generally performed." (Filing No. 13-2, at ECF p. 40). He stated that Mr. Harden can perform the exertional demands of Extruder, Garbage Collector, and Sorter since he can "lift and carry up to objects of any weight range and sit, stand and/or walk for six hours of an eight hour work day." (Filing No. 13-2, at ECF p. 40). The ALJ stated that the VE's testimony showed that these jobs "do not require the performance of the mental work-related activities precluded by" Mr. Harden's RFC. (Filing No. 13-2, at ECF p. 41)

As noted previously, the Commissioner concedes that the ALJ erred at step four, but argues that upon remand the ALJ will rely on the VE's testimony that the number of other jobs available will justify rejection of Mr. Harden's benefits. The Court agrees. Although the ALJ ended his analysis at step four, "remanding for further articulation would serve no purpose," because "a review of the records convinces [the Court] that no reasonable ALJ would reach a contrary decision on remand," *McKinzey*, 641 F.3d at 886-92. Though the ALJ here should have found that Mr. Harden's earnings did not meet the SUBSTANTIAL GAINFUL ACTIVITY levels to constitute past relevant work, given the VE's testimony to a significant amount of other jobs that Mr. Harden could perform, the Court "cannot see how a different conclusion possibly could be reached on remand." *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013) (concluding that while the ALJ erred in failing to explain the controlling weight given for claimant's RFC determination, "Our review of [other RFC assessments] convinces us that the result would not change."). The Court is confident that a remand would result in the ALJ finding at step four that Mr. Harden cannot perform past relevant work and then at step five, relying on the VE's testimony that there are other jobs in the relevant economy that Mr. Harden can perform. An ALJ can use a VE's testimony to bolster his finding that a claimant is not disabled. *See Ehrhart*

*v. Sec'y of Health & Human Servs*., 969 F.2d 534, 540 (7th Cir. 1992) (stating that the VE's testimony "served mostly to reinforce the ALJ's finding of no disability.").

Because the Court finds with certainty that the ALJ would bolster his rejection of Mr. Harden's disability benefits by using the VE's testimony about other jobs available for Mr. Harden to perform, the ALJ's decision here will not be remanded. Hence, the ALJ's step four finding was a harmless error.

## IV. **CONCLUSION**

For the reasons set forth above, the final decision of the Commissioner is **AFFIRMED**.

**SO ORDERED.**

Date: _____

DISTRIBUTION:

Charles Julian Myers
cmyers7943@sbcglobal.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov